GEORGE W. MEAD, APPELLANT, *v.* MARY E. JENKINS AND OTHERS, RESPONDENTS.

*Statute of limitations — when proceedings to procure a sale of the real estate of a deceased debtor are not barred by it.*

February 11, 1871, a simple contract debt became due from one Jenkins to the appellant. March 19, 1871, Jenkins died, and on April 14, 1871, letters of administration upon his estate were granted. February 6, 1880, the appellant instituted proceedings in a Surrogate's Court to compel the sale of real estate of the intestate which had descended to the respondents.

*Held,* that he might institute such proceedings at any time before his right to maintain an action against the heirs-at-law was barred by the statute of limitations.

That as the statute (2 R. S., 113, § 53) prevented any action being brought against the heirs within three years from the decease of their testator, such three years constituted no part of the period of limitation, and that the action might be brought at any time within nine years from the debtor's death.

That the proceedings were not barred by the statute.

APPEAL from an order made by the surrogate of the county of Westchester, on the 28th day of February, 1881, denying and dismissing the application of George W. Mead, made on the 6th day of February, 1880, for an order requiring Mary E. Jenkins, administratrix, and Stephen M. Sherwood, administrator of John P. Jenkins, deceased, to show cause why they should not be required to mortgage, lease or sell the real estate of the said deceased for the payment of his debts.

The heirs-at-law of the deceased set up the statute of limitations in bar of the proceedings. The application in question was based upon a promissory note made by John P. Jenkins, the intestate, payable to the petitioner on demand and dated the 11th day of February, 1871.

It appeared on the hearing before the surrogate that in November, 1879, all the real estate described in the petition was sold under and by virtue of a judgment or judgments in partition.

*J. T. Marean,* for the appellant.

*M. L. Cobb,* for the respondents.

CULLEN, J.:

The appellant instituted proceedings in the Surrogate's Court to sell lands descended to the respondents for a claim against their ancestor, John P. Jenkins. The proceeding was dismissed upon the ground that the plaintiff's claim was barred by the statute of limitation.

The claim was due February 11, 1871; the deceased died March 19, 1871. Letters of administration were granted April 14, 1871. This proceeding was commenced February 6, 1880. It is provided by section 10 (3 Edm. St. at L., 105), that the heirs may set up as a bar to the plaintiff's claim, the statute of limitations.

The question presented is, when was this claim, which is a simple contract debt, determined by the statute of limitations? The statute commenced to run before the decease of the testator. On November 1, 1877, the plaintiff recovered judgment on the claim against the administrator. It was properly conceded by the appellant that the recovery of such judgment against the administrator could not take the claim out of the statute as against the heirs-at-law. (*Sharpe* v. *Freeman*, 45 N. Y., 802.) But I think that the converse of the proposition necessarily follows, that the bar of the statute in favor of the administrator would not operate in favor of the heir.

What then is the bar of the statute that the heirs may set up against this proceeding? Evidently that the land descended to them is freed from liability for the claims against their ancestor by lapse of time.

By law, upon a deficiency of personal assets of intestates, the heirs, are liable for their debts to the extent of the land descended to them. This liability may be enforced by an action. The proceeding in the Surrogate's Court is a concurrent remedy to reach substantially the same object. So true is this that it is specially provided that any suit brought to charge the heir shall not be prosecuted if proceedings have been taken before the surrogate to sell lands of the deceased, but that the plaintiff may discontinue the suit and share in the proceeds of the sale with other creditors. (2 Edm. St. at L., § 113, 53, 54.) This establishes conclusively that if the appellant could have maintained his action against the heir, he could have had the land sold in the Surrogate's Court; and his claim cannot be barred in the Surrogate's Court unless it would have been barred in the action. Indeed, as stated by the counsel for some of the respondents, " the true test is, could the appellant have maintained his action against the heirs-at-law?"

We do not think that the action against the heirs is to be treated as a new cause of action given by statute, as claimed by the appellant, but merely a continuance of the old cause of action against the deceased.

The debt, being on a simple contract, would ordinarily be barred in six years. But the statute provides that no action shall be brought upon it against the heirs within three years after the decease of the ancestor. Such three years does not constitute part

of the period of limitation. (*Van Wezel* v. *Wyckoff*, 3 Sandf. Ch., 576; *Wood* v. *Wood*, 26 Barb., 356; *Sharpe* v. *Freeman*, 45 N. Y., 802.) Therefore, the appellant had nine years from the maturity of his debt in which to bring an action, and this proceeding was instituted in time.

The respondents urge that the sale in partition in this court cut off the lien of the plaintiff. This is not well taken; only general liens on undivided shares or interests are barred by sale in partition. (2 Edm. St. at L., 337, § 61.)

As to the interest of Gilligan under a tax lease, it is no answer to this application. If valid, the sale cannot affect it, and its validity cannot be tried in this proceeding.

The order appealed from should be reversed, with costs, and the proceeding remitted to the surrogate.

Present — BARNARD, P. J., DYKMAN. and CULLEN, JJ.

Order of surrogate reversed, with costs, and proceedings remitted to surrogate.